**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MARIO GLENN-EL,                              )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )        No. 1:20-CV-00194-NCC
                                             )
WESLEY FLUHARTY, et al.,                     )
                                             )
                    Defendants.              )

**MEMORANDUM AND ORDER**

        This matter comes before the Court on its own motion. Plaintiff Mario Glenn-El has filed

a document with the Court that has been construed as a civil action pursuant to 42 U.S.C. § 1983.

For the reasons discussed below, plaintiff will be directed to file an amended complaint on a

Court-provided form. He will also be ordered to either file a motion for leave to proceed in forma

pauperis or pay the full filing fee.

**Background**

        Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast

Correctional Center in Charleston, Missouri. On September 8, 2020, he submitted a letter to the

Court that was construed as a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). In the

letter, plaintiff alleges that caseworkers Wesley Fluharty and Unknown Reed discriminated

against him on the basis of his religion. Specifically, plaintiff states that Fluharty refuses to get

his "religion texts from property." Plaintiff further states that he has requested an "I.O.R." from

both Fluharty and Reed, but they have failed to bring him one. The Court assumes that plaintiff

is referring to an informal resolution request. The letter does not include any request for relief,

other than his notation that any remedies can be "discuss[ed] in court."

## Discussion

This action is subject to dismissal because it is not on a Court-provided form. Because it is not on a Court form, it lacks necessary information, including the capacity in which defendants are to be sued. Furthermore, plaintiff has neither paid the filing fee nor filed a motion for leave to proceed in forma paupers. Since plaintiff is a self-represented litigant, he will be given an opportunity to cure these deficiencies according to the instructions set forth below.

### A. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential

3

function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**B. Motion for Leave to Proceed in Forma Pauperis**

In order to proceed with this action, plaintiff must either file a motion for leave to proceed in forma pauperis or pay the full filing fee. If plaintiff chooses to file a motion for leave to proceed in forma pauperis, he must also include a copy of his certified inmate account statement for the six-month period immediately preceding the filing of his complaint. To aid his compliance, the Clerk of Court will be directed to send to plaintiff a copy of the Court's motion to proceed in forma pauperis form. Plaintiff will be given **thirty (30) days** to either file a motion or pay the full filing fee. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the full filing fee or file a motion for leave to proceed in forma pauperis, along with a copy of his certified inmate account statement, within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to either pay the full filing fee or file a motion to proceed in forma pauperis within **thirty (30) days**, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall filed an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within **thirty (30) days**, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 11th day of September, 2020.

_/s/ Noelle C. Collins_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE