# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MARIO GLENN-EL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00194-SNLJ |
| WESLEY FLUHARTY, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Mario Glenn-El to be released from administrative segregation. (Docket No. 12). For the reasons discussed below, the motion will be denied.

### The Motion

On December 28, 2020, plaintiff filed a motion to be released from administrative segregation. In the motion, he requests such release in order to research and file a federal habeas corpus action. (Docket No. 12 at 1). Specifically, plaintiff states that he has five months left of his one-year limitations period in which to timely file his habeas corpus petition. However, plaintiff asserts that he has no access to the law library or legal material, and that he is seeking help from an inmate who works as a law library clerk. Plaintiff alleges that he has been placed in segregation by defendant Fluharty's wife in retaliation for plaintiff's lawsuit. (Docket No. 12 at 2). As such, plaintiff asks the Court to release him from segregation.

### Discussion

The Court has construed plaintiff's motion as requesting preliminary injunctive relief. In determining whether to grant such relief, the Court applies "a flexible consideration of (1) the

threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id.* at 521. Furthermore, the "danger must be more than a mere possibility." *Id.* Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.* Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, plaintiff has not carried his burden of showing that injunctive relief should be granted. First, he has not demonstrated a threat of irreparable harm. While he states that being in administrative segregation has made it difficult to research his federal habeas petition, he has not demonstrated that he is being kept from filing such petition, or even that he will be in segregation for another five months, when he asserts that his one-year limitations period will expire.

Second, the balance of harm in issuing an injunction militates against granting injunctive relief. Plaintiff is currently incarcerated at the Southeast Correctional Center, and is asking to be released from administrative segregation, where he has been placed due to a conduct violation.

2

However, judicial restraint is called for when dealing with issues of prison administration, especially issues involving security. Granting plaintiff's request for injunctive relief would require the Court to overrule the Southeast Correctional Center's security decisions based on extremely ambiguous factual allegations.

Third, plaintiff has not shown a likelihood of success on the merits. He vaguely states that he has been placed in administrative segregation in retaliation for his filing of the instant action, but provides no factual support for this contention. Indeed, aside from a brief acknowledgment that he was segregated due to a conduct violation, there is nothing in the motion to adequately establish that his confinement to administrative segregation is inappropriate, or that it has resulted in his being denied access to the courts.

Finally, plaintiff's motion for injunctive relief fails because the substance of the motion is not related to the claims in his complaint. That is, plaintiff's complaint concerned alleged discrimination on the basis of his religion. The request for injunctive relief, however, states that plaintiff has been wrongfully placed into administrative segregation, and that he is worried about not meeting the deadline for filing his federal habeas petition. He also asserts that an individual who was not named as a defendant in the original complaint has retaliated against him. Because the claims in the motion are not related to the claims in the complaint, the Court cannot grant the motion. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); and *Hale v. Wood*, 89 F.3d 840, 1996 WL 341206, at *1 (8th Cir. 1996) (unpublished opinion) (rejecting plaintiff's request for injunctive relief because he "failed to establish a connection between these injuries and

3

the conduct he challenged in his complaint"). For all these reasons, plaintiff's motion for preliminary injunctive relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunctive relief (Docket No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of plaintiff's motion would not be taken in good faith.

Dated this 7th day of January, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE