UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI SOUTHEASTERN
DIVISION

| | |
|---|---|
| **MARIO GLENN-EL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00194-SNLJ |
| ) | |
| **WESLEY FLUHARTY** and ) | |
| **CHARLES REED,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

In this 42 U.S.C. § 1983 suit, *pro se* plaintiff Mario Glenn-El, a Missouri prisoner and a member of the Moorish Science Temple of America, claims that (1) prison caseworkers Wesley Fluharty and Charles Reed violated his First Amendment rights by failing to bring him his Koran while he was in administrative segregation (ad seg), and (2) Fluharty violated his Equal Protection rights by treating Christian ad seg inmates more favorably.[1]  Defendants have moved for summary judgment, plaintiff has not responded, and the time to do has passed.  Accordingly, this matter is ready for disposition.

**I.  Summary judgment standard**

Under Federal Rule of Civil Procedure 56(c), a district court may grant a motion

---

[1] He raised other claims but they were dismissed before service of process.

1

for summary judgment if all the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v.Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962).  The burden is on the moving party.  *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a summary judgment motion, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts.  *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).  The Court must resolve all conflicts of evidence in favor of the nonmoving party.  *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).  However, the nonmoving party's allegations must be supported by sufficient probative evidence permitting a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992))

Under this Court's local rules "[e]very memorandum in opposition [to a motion

2

for summary judgment] shall include a statement of material facts as to which the party contends a genuine issue exists." E.D.MO. L.R. 7- 4.01(E).  Significantly, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." *Id.*  The Local Rules facilitate judicial economy by absolving courts from "scour[ing] the record looking for factual disputes."  *Northwest Bank and Trust Co. v. First Illinois Nat'l. Bank*, 354 F.3d 721, 725 (8th Cir. 2003) (*quoted case omitted*).  Local rules are enforced at the courts' broad discretion.  *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (*cited case omitted*).

## II.  Factual Background

In this case, plaintiff did not respond to defendants' motion for summary judgment, including their statement of uncontroverted material facts; therefore, the Court may -- and does -- accept as true the statement of uncontroverted material facts.  *Reasonover*, 447 F.3d at 579; *Johnson v. Potter*, No. 4:07-cv-708, 2007 WL 4218976, at *3 (E.D. Mo. Nov. 29, 2007).  Those facts are as follows.

In July 2020, Plaintiff was sent to ad seg, and defendants were his caseworkers.  One of their duties was to respond to offenders' requests for authorized personal property that might be held in the property-storage area.  Around mid-August 2020 plaintiff asked defendants to retrieve his Koran from the property storage area.  At least one time, defendant Reed -- and another time, defendant Fluharty -- thoroughly searched for the Koran in the property storage area but simply could not find it; if they had, they would have delivered the book to plaintiff.  The searches were confirmed by

3

prison records, and plaintiff was informed that defendants could not find the book.

### III.  First Amendment Claim

The Free Exercise Clause of the First Amendment "provides that 'Congress shall make no law respecting an establishment of religion, or *prohibiting the free exercise thereof.*'"  *In re Kemp*, 894 F.3d 900, 907 (8th Cir. 2018) (quoted case omitted). "Under the Free Exercise Clause . . . [a plaintiff] must first raise a material question of fact regarding whether the [defendant] has placed a 'substantial burden' on his ability to practice his religion."  *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (quoted case omitted).  When a free-exercise claim is based not on a prison policy or regulation, but on prison staff's failure to properly implement prison policy, the inmate must submit evidence that the challenged incidents were something "other than negligent mistakes."  *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1054 (8th Cir. 2020).

Because plaintiff bases his free-exercise claim on defendants' failure to bring him a religious book that prison policy in fact allowed, he must show more than "negligent mistakes."  Significantly it is uncontroverted that defendants searched for but did not find the Koran that plaintiff sought.  Accordingly, he cannot show that defendants acted intentionally or negligently for that matter.  Thus, the Court need not address whether the claimed deprivation substantially burdened plaintiff's sincerely held religious beliefs.

### IV.  Equal Protection Claim

The Equal Protection Clause generally requires the government to treat similarly

situated people alike." *Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994) (cited case omitted). A "prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a "fundamental right." *Patel*, 515 F.3d at 815.  Based on this record, the Court cannot conclude that defendants treated any similarly situated inmate more favorably than plaintiff based on his religion.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment is **GRANTED**.

Dated this 25th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5